IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Respondent/Plaintiff, | ) | |
| vs. | ) | No. 3:97-CR-0373-H (02) |
| | ) | No. 3:06-CV-0092-H (BH) |
| TRACEY GARRETT, | ) | ECF |
| ID # 31079-077, | ) | Referred to U.S. Magistrate Judge |
| Movant/Defendant. | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

Movant, an inmate currently incarcerated in a federal prison facility, filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. Respondent is the United States of America.

On April 2, 1998, a jury convicted movant of conspiring to distribute narcotics and aiding and abetting. The Court sentenced him to 360 months imprisonment on each count to run concurrently. On March 30, 2001, the Court denied a previous motion to vacate filed by movant. On August 2, 2002, the Court received from movant a motion for leave to file an amended motion to vacate. On September 11, 2002, the Court construed the motion for leave as a § 2255 motion, directed the Clerk's Office to file the motion, and dismissed the motion without prejudice pending review by a three-judge panel of the court of appeals. On January 13, 2006, the Court received the instant motion to vacate wherein he asserts that he was unconstitutionally sentenced in light of *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005).

Because movant has pursued prior motions to vacate pursuant to 28 U.S.C. § 2255, *see* Civil Actions Nos. 3:00-CV-2146-H and 3:02-CV-1964-H, the Court must determine whether the instant motion is second or successive within the meaning of § 2255.

## II.  SECOND OR SUCCESSIVE APPLICATION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA) limits the circumstances under which a federal prisoner may file a second or successive motion to vacate in federal court.  Under Fifth Circuit precedent, "a subsequent motion is 'second or successive' when it: '1) raises a claim challenging the [movant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ.'" *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

In this instance, movant has filed a prior motion to vacate to challenge his federal conviction. wherein he alleged that (1) the quantity of drugs used to enhance his sentence was not alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt as required by *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (2) he received ineffective assistance of counsel; and (3) the indictment was defective.  Under *Orozco-Ramirez,* movant was required to present all available claims related to his conviction in his initial motion to vacate:

> "The requirement that all available claims be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court."

211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

2

In this instance, movant relies upon *Booker* and *Blakely* to again challenge his conviction and sentence. Movant could have raised such claims, albeit not precisely on the recent case law, when he filed his first motion to vacate. *See In re Elwood*, 408 F.3d 211, 212-13 (5th Cir. 2005) (per curiam) (denying authorization for filing a successive motion to vacate based upon *Booker*); *United States v. Frazier*, 186 Fed. App'x 490, 490 (5th Cir. 2006) (per curiam) (holding that "*Booker* is not a ground for filing a successive § 2255 motion). Because the instant action raises claims that movant could have raised in his earlier motion to vacate the instant action is successive within the meaning of 28 U.S.C. § 2255.

Accordingly, movant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). A three-judge panel of the court of appeals must first determine whether this Court should consider the instant motion. *Id.* § 2244(b)(3)(B). The panel will authorize the filing of a second or successive motion only upon a *prima facie* showing that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See id.* §§ 2244(b)(3)(C), 2255.

The Fifth Circuit has not issued an order authorizing this Court to consider the instant successive motion to vacate. Movant must obtain such an order before filing the motion in this Court.

Although the Court may appropriately dismiss the instant successive § 2255 motion without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, it may also transfer the successive motion to the Fifth Circuit for a determination of whether movant should be allowed to file the successive motion in the district court. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving the practice of transferring a successive motion to the Circuit and establishing procedures in the Circuit to handle such transfers). Because the Fifth Circuit has already indicated that neither *Booker* nor *Blakely* claims satisfy the criteria for obtaining authorization for filing a successive motion to vacate, *see In re Elwood*, 408 F.3d at 212-13 (denying authorization for filing a successive motion to vacate based upon *Booker* because *Booker* has not been made retroactively applicable on collateral review and noting that *Blakely* has also not been made retroactively applicable on collateral review), a dismissal without prejudice appears more appropriate than a transfer to the Fifth Circuit.

## III.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant motion to vacate filed pursuant to 28 U.S.C. § 2255 be **DISMISSED without prejudice** pending review by a three-judge panel of the court of appeals.

**SIGNED this 7th day of November, 2006.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5